IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| SARAH ROSENAU,<br><br>Plaintiff,<br><br>-v-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC and BARCLAYS BANK DELAWARE<br><br>Defendants. | Civil Case Number:<br><br>CIVIL ACTION<br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Identity theft has long been a widespread problem in this country. Over the past decades, identity theft has emerged over the last decade as one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans annually fall victim to this crime and are required to spend countless hours and untold effort in attempting to undo the resultant harm caused to their credit reports.[2]

2. As a result of this growing problem, Congress amended the Fair Credit Reporting Act in 2003 ("FCRA," 15 U.S.C. 1681 *et seq.*) to increase protection for victims of identity theft.[3] These regulations require "consumer reporting agencies" ("CRAs") such as Equifax,

---

[1] *See, Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).
[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone. *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission—Identity Theft Survey Report 7, 12 (2003), http://www.ftc.gov/os/2003/09/synovatereport.pdf) .
[3] *See*, Pub.L. 108–159 (December 4, 2003)

    Experian and TransUnion to block information in a consumer's credit report if that information resulted from identity theft. The CRA must do so within four days of receiving certain documentation of the identity theft. 15 U.S.C. § 1681c–2(a). That documentation includes: proof of the consumer's identity; a copy of "an identity theft report"; identification of what information should be blocked; and the consumer's statement that the disputed information does not relate to any transaction that she made. *Id.* Once a CRA receives the necessary information and places the block, it must inform the "furnisher" of the blocked information. 15 U.S.C. § 1681c–2(b).

3. Sarah Rosenau, the Plaintiff in this case, has been the unfortunate victim of identity theft. Specifically, in approximately June of 2021, Ms. Rosenau set out to buy a home for herself, and decided to check her credit. At that time, Ms. Rosenau learned that there was a whole host of accounts on her credit report that did not belong to her, including accounts with Midland Credit (a debt buyer/debt collector), CB Indigo and Barclays Bank. All of these companies have cooperated with Ms. Rosenau and removed these fraudulent accounts from her credit report – except Barclays.

4. Rather than working with Ms. Rosenau to rectify this unfortunate situation, each of the Defendants refuse to remove these fraudulent Barclays accounts from her credit report, despite the Plaintiff specifically disputing this fraudulent account. Instead, the Defendants have continued to willfully and negligently harm the Plaintiff's credit report by continuing to associate these fraudulent accounts with the Plaintiff, thereby severely impacting Plaintiff's life and her ability to obtain credit.

5. Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging that Equifax, Experian, Transunion, and Barclays have

negligently and recklessly disseminated false information regarding the Plaintiff's credit, namely by continuing to associate Plaintiff with this fraudulent account, particularly after the Plaintiff mailed letters to Defendants specifically advising them of this issue and submitting the necessary supporting documentation.

6. Plaintiff further alleges that Equifax, Experian and Transunion failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff, and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

7. Additionally, Equifax, Experian and Transunion have failed to follow the most basic requirements of the FCRA, which require this information to be blocked within four days of being provided the necessary documents.

8. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

9. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Texas, and violated Plaintiff's rights under the FCRA in the state of Texas as alleged more fully below.

10. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

11. Plaintiff, Sarah Rosenau ("Plaintiff"), is a resident of San Antonio, Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

14. Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

15. Equifax is a limited liability company with its principal place of business at 1550 Peachtree Street & One Atlantic Center, Atlanta, Georgia.

16. Defendant TransUnion, LLC ("TransUnion") is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning

consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

17. TransUnion is a limited liability company with its principal place of business at 555 W. Adams Street, Chicago, IL 60661

18. Defendant Barclays Bank Delaware ("Barclays") is a financial institution headquartered in Delaware with its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

## FACTUAL ALLEGATIONS

19. In June of 2021, Plaintiff noticed a series of accounts on her credit report that did not belong to her.

20. On July 26, 2021, Plaintiff accordingly filed an Identity Theft Affidavit with the FTC.

21. On or about July 26, 2021, the Plaintiff then tried disputing these accounts with Equifax, Experian and Transunion.

22. In those disputes, the Plaintiff clearly advised Equifax, Experian and Transunion that sshe was the victim of Identity Theft and that this information should be removed and blocked.

23. In those disputes, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit, along with her photo ID and proof of address.

24. In response, Equifax removed the fraudulent Midland and CB Indigo accounts but refused or otherwise failed to remove or correct the Barclays accounts on Plaintiff's credit report, instead claiming to have 'verified as accurate' this fraudulent information.

25. Transunion likewise removed the fraudulent Midland and CB Indigo accounts but refused or otherwise failed to remove or correct the Barclays accounts on Plaintiff's credit report, instead claiming to have 'verified as accurate' this fraudulent information.

26. Experian similarly removed the fraudulent Midland and CB Indigo accounts but refused or

otherwise failed to remove or correct the Barclays accounts on Plaintiff's credit report, although they never actually provided any sort of response to the Plaintiff as they were required to do.

27. Experian, Barclays, Equifax and TransUnion were each notified of the respective disputes, as evidenced by the certified mail tracking numbers in Plaintiff's possession, but refused to investigate and/or remove the inaccurate reporting.

28. Experian, Equifax and TransUnion did not block the inaccurate information, even after the Plaintiff sent them all required documentation, including a sworn Identity Theft Affidavit.

29. At all times pertinent hereto, Defendants' conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s, 1681c and 1681i of the FCRA.

30. As a direct and proximate result of the Defendants' violations of the FCRA, Plaintiff has been harmed in her daily life, by the impact that this derogatory information has had on her credit score and her ability to secure credit.  Plaintiff has further been denied credit on a number of occasions due to the Defendants' continued reporting of these fraudulent accounts.

31. Defendants' violations of the FCRA further caused the Plaintiff great distress, annoyance and frustration in her daily life, which he should not have to deal with, and subjected the Plaintiff to abusive credit reporting practices which Plaintiff had a substantive right to be free from.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

32. All preceding paragraphs are realleged.

33. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

34. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

35. On or about July 29, 2021, Plaintiff initiated disputes with Experian requesting that they correct the fraudulent Barclays information from her credit file that was patently inaccurate and damaging to her.

36. Experian, having either conducting no investigation or failing to conduct a reasonable investigation, verified as 'accurate' the fraudulent Barclays information on Plaintiff's credit file.

37. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

38. All preceding paragraphs are realleged.

39. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

40. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the fraudulent Barclays

balance from the Plaintiff's credit report, especially after the Plaintiff (1) disputed this account with Experian, and (2) provided Experian with documents and information definitively establishing that sshe was the victim of identity theft and that these charges were the result of identity theft.

41. Furthermore, were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information from being reported on the Plaintiff's credit report, especially after the Plaintiff provided Equifax with the information reflecting that this information was inaccurate.

42. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2
## AGAINST EXPERIAN

43. All preceding paragraphs are realleged.

44. On July 27, 2021, Plaintiff initiated disputes with Experian requesting that they correct and remove the reporting of the Barclays accounts on her credit report, as these charges were fraudulently made by an individual other than the Plaintiff.

45. In support of these disputes, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit, along with her photo ID and proof of address.

46. Experian refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

47. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Experian continued to

report this fraudulent information.

48. As a direct and proximate result of Experian's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## COUNT IV
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 16 U.S.C. § 1681i
## AGAINST EQUIFAX

49. All preceding paragraphs are realleged.

50. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

51. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

52. On or about July 27, 2021, Plaintiff initiated disputes with Equifax requesting that they correct the fraudulent Barclays information from her credit file that was patently inaccurate and damaging to her.

53. Equifax, having either conducting no investigation or failing to conduct a reasonable investigation, verified as 'accurate' the fraudulent Barclays information on Plaintiff's credit file.

54. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## COUNT V
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

55. All preceding paragraphs are realleged.

56. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

57. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the fraudulent information being reported about the Barclays accounts from the Plaintiff's credit report, especially after the Plaintiff (1) disputed these accounts with Equifax, and (2) provided Equifax with documents and information definitively establishing that she was the victim of identity theft and that these charges were the result of identity theft.

58. Furthermore, were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information from being reported on the Plaintiff's credit report, especially after the Plaintiff provided Equifax with the information reflecting that this information was inaccurate.

59. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

## COUNT VI
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2
## AGAINST EQUIFAX

60. All preceding paragraphs are realleged.

61. On or about July 27, 2021, Plaintiff initiated a dispute with Equifax requesting that they correct and remove the Barclays accounts, as these charges were fraudulently made by an individual other than the Plaintiff.

62. In support of these disputes, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit, along with her photo ID and proof of address.

63. Equifax refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

64. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Equifax continued to report this fraudulent information.

65. As a direct and proximate result of Equifax's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## COUNT VII
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST TRANSUNION

66. All preceding paragraphs are realleged.

67. At all times pertinent hereto, TransUnion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

68. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the

disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

69. On or about July 27, 2021, Plaintiff initiated a dispute with TransUnion requesting that they correct the fraudulent Barclays information from her credit file that was patently inaccurate and damaging to her.

70. TransUnion, having either conducting no investigation or failing to conduct a reasonable investigation, verified as 'accurate' the fraudulent Barclays information on Plaintiff's credit file.

71. As a direct and proximate result of TransUnion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## COUNT VIII
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 16 U.S.C. § 1681e(b)
## AGAINST TRANSUNION

72. All preceding paragraphs are realleged.

73. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

74. Were TransUnion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed this fraudulent Barclays account from the Plaintiff's credit report, especially after the Plaintiff (1) disputed this account with TransUnion, and (2) provided TransUnion with documents and information definitively establishing that she was the victim of identity theft and that these charges were the result of identity theft.

75. Furthermore, were TransUnion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information from being reported on the Plaintiff's credit report, especially after the Plaintiff provided TransUnion with the information reflecting that this information was inaccurate.

76. As a direct and proximate result of TransUnion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

## COUNT IX
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2
## AGAINST TRANSUNION

77. All preceding paragraphs are realleged.

78. On or about July 27, 2021, Plaintiff initiated a dispute with TransUnion requesting that they correct the information reported by Barclays, as these charges were fraudulently made by an individual other than the Plaintiff.

79. In support of this dispute, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit, along with her photo ID and proof of address.

80. TransUnion refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

81. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, TransUnion continued to report this fraudulent information.

82. As a direct and proximate result of TransUnion's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## COUNT X
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST BARCLAYS BANK

83. All preceding paragraphs are realleged.

84. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

85. On or about July 27, 2021, Plaintiff submitted a written dispute to the credit bureaus (Equifax, Experian, TransUnion) disputing the accuracy of the accounts being reported by Defendant Barclays.

86. Defendant Barclays received these disputes from the credit bureaus, as evidenced by their responses to the credit bureaus.

87. Defendant Barclays was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's disputes.

88. Defendant Barclays failed to reasonably investigate Plaintiff's disputes, instead claiming to have 'verified' this completely false and inaccurate information.

89. Ms. Rosenau provided all the information Barclays needed to correct its inaccurate reporting, but it just refused to do so.

90. Indeed, Defendant Barclays's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

91. Defendant Barclays's conduct violated section 1681s-2(b) of the FCRA.

92. As a direct and proximate result of Barclays's willful conduct, Plaintiff has been harmed.

## DEMAND FOR TRIAL BY JURY

93. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A.  Awarding Plaintiff actual damages;

B.  Awarding Plaintiff statutory damages;

C.  Awarding Plaintiff punitive damages;

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E.  Awarding pre-judgment interest and post-judgment interest;

F.  A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G.  Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: January 19, 2022

                                             MARCUS & ZELMAN, LLC

                                             /s/ Yitzchak Zelman
                                             Yitzchak Zelman, Esq.
                                             701 Cookman Avenue, Suite 300
                                             Asbury Park, New Jersey 07712
                                             (732) 695-3282 telephone
                                             (732) 298-6256 facsimile
                                             yzelman@MarcusZelman.com
                                             *Attorneys for Plaintiff*